IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| GTSI CORP., ) | |
|     Plaintiff ) | |
| ) | |
|        v. ) | |
| ) | 1:09cv123 (JCC) |
| WILDFLOWER INT'L, INC., ) | |
| KIMBERLY DECASTRO ) | |
| ) | |
|     Defendants, et. al. ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on non-parties Eyak Technology, LLC, and EG Solutions, LLC's (the "Movants") Motion to Stay pending Appeal of Magistrate's Discovery Order. (Dkt. 155.) For the following reasons, the Court will deny the motion.

**I. Background**

On August 3 and August 17, 2009, Defendant Wildflower International, Inc. ("Wildflower" or "Defendant") served the Movants with subpoenas to produce copies of a number of documents relating to various contracts, agreements and other information regarding the Movants relationship with Plaintiff, GTSI Corp. On August 17 and 31, 2009, the Movants filed Motions to Quash these subpoenas. A hearing on these motions was held on

1

September 11, 2009 before Magistrate Judge Anderson. After listening to the parties' argument, Magistrate Judge Anderson issued an order granting in part and denying in part the Motions to Quash with regards to specific subpoena requests (the "Order") on the same day. (Dkt. 138)

On September 11, 2009: Magistrate Judge Anderson's order issued. A week later, the Movants filed a Motion to Stay the order on September 18, 2009. Local Rule 37(c)'s allows for 11 days, including weekends and holidays, for compliance by parties -- in this case, requiring the Movants to produce documents on September 22, 2009. No documents were produced. The Movants filed a Motion to Reconsider on September 24, 2009, the day before the Federal Rule of Civil Procedure 72 deadline or appeals: ten (10) days, exclusive of weekends and holidays, from the issuance of the discovery order. (Dkt. 172.) The original discovery deadline was October 9, 2009, however, it has recently been changed to November 6, 2009. Movants' Motion to Stay the Order is now before this court.

## II.  Standard of Review

When presented with a motion to stay enforcement of an order pending appeal, the Court should consider the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the

2

merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) whether the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (collecting cases); *See* James Wm. Moore, *Moore's Federal Practice* § 62.06[3] (3d ed. 2007).

### III. Analysis

The Motion before the Court is one to stay the execution of Magistrate Judge Anderson's Order granting in part and denying in part Movants' Motions to Quash third-party subpoenas.  The Court will consider each of the *Hilton* factors in turn.

> A. <u>Whether the stay applicant has made a strong showing that he is likely to succeed on the merits</u>

The Court must take two elements into consideration when weighing the likelihood of success on appeal: (1) the standard of review a district court uses when determining whether or not to overturn a Magistrate Judge's determination on a non-dispositive motion such as the one before the Court; and, (2) the underlying merits of the appeal that must be subject to the standard of review.

1.  Standard of Review

If a party files timely objections to a non-dispositive order, then the District Court will only overturn the Order if it is "clearly erroneous or contrary to law." *See* Fed. R. Civ. P. 72(a); Magistrate Act, 28 U.S.C. § 636(b)(1)(A) (providing for district court review of pretrial decisions made by a Magistrate Judge "where it is shown that the Magistrate Judge's order is clearly erroneous or contrary to law"). Courts have found discovery motions to be non-dispositive within the meaning of Federal Rule Civil Procedure 72(a). *See Federal Election Com'n v. Christian Coalition*, 178 F.R.D. 456, 459 (E.D. Va. 1998). A court's finding is "clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definitive and firm conviction that a mistake has been made." *Zeng v. Electronic Data Sys. Corp.,* 2007 U.S. Dist. LEXIS 67812 (E.D. Va. 2008). It is this high bar that the merits of the Movants' appeal must clear.

2.  Merits of the Appeal

Movants' Objections to the Magistrate Judge's Ruling of September 11, 2009 Order (the "Objections") can be broken into two basic arguments: (i) The Magistrate Judge's allegedly failed to perform an undue burden

analysis, (ii) the Magistrate Judge's alleged failure to apply an administrative determination regarding the relationship of the parties when analyzing the relevance of the documents sought.[1]  As Judge Anderson issued no opinion with his Order, the hearing transcript provides a partial record for the rationale used by Judge Anderson in making his evaluation.

(i) *Failure to Perform an Undue Burden analysis*

In their Objections, the Movants argue that Judge Anderson's Order was "contrary to law" as he "did not perform an undue burden analysis." (Objections 4).  As evidence of this, the Movants cite to certain portions of the hearing transcript where Judge Anderson questions counsel on certain issues but fails to ask about any potential undue burden. (See Objections 4-5.)  There is no evidence, nor could the Movants provide any, that Judge Anderson did not perform this analysis in making his determination despite only questioning counsel regarding the "relevance" aspect of the Motion to Quash. Furthermore, on several occasions, Judge Anderson refers to

---

[1] The Movants filed their Motion for Reconsideration (Dkt. 171-172) contemporaneously with their Reply to Defendant's Opposition to Motion to Stay.  No Opposition to the Motion for Reconsideration has yet been filed.  This Court will take up the Motion for Reconsideration on its own merits when the briefing is completed.  This opinion carries no weight as to the ultimate conclusion of this Court on the Motion for Reconsideration.

5

the undue burden of certain requests in the subpoenas and in fact quashed certain requests on this basis. (*See* Hr'g Tr. 24, 30, 31; Dkt. 164.)

Movants next contend that Wildflower is simply on a fishing expedition for irrelevant documents relating to the business relationship between Plaintiff GTSI and Movants, where the relationship is not put at issue in any of Wildflower's counterclaims. (Objections 6.) This is precisely the argument that the Movants make their Motions to Quash. Wildflower responds that GTSI has put the specific relationship at issue in this case by asserting that a "mentor/protégée" business relationship exists between Movants and GTSI and that as a result certain allegations in the counterclaims are unfounded.[2] (Opp. 6.) Magistrate Judge Anderson agreed that the nature of the business relationship was at issue. (Hr'g Tr. 14). This court is disinclined to disturb Magistrate Judge Anderson's relevance determination.

---

[2] A mentor/protégée relationship is a term of art used in the regulation of the Department of Homeland Security's "FirstSource" Business Contracts at issue in this litigation. It is unnecessary for purposed of the Motion to Stay to examine the actual nature of the relationship between GTSI and the Movants.

>   (ii) *Failure to apply an administrative determination regarding the mentor/protégé relationship between the Movants and Plaintiff when evaluating relevance*

Judge Anderson specifically addressed this contention at oral argument.  GTSI asserts that a mentor/protégée relationship existed between GTSI and Movants and that such a relationship was blessed by the appropriate administrative agency.  Judge Anderson determined that whether or not this relationship was legitimate is relevant in this case.  Specifically, Judge Anderson stated that, "if false information was provided [to the administrative agency] . . . and the [agency relied on it] . . . isn't the other side entitled to see it?" (Hr'g Tr. 14.)  While the Movants might dispute the relevance of such information Judge Anderson's decision is not clearly erroneous.

>   B.  <u>Whether the applicant will be irreparably injured absent a stay</u>

The basis of the Movants' argument on this section is that once the documents are produced "the appeal will be moot" and the Court will not be able to "unring the bell." (Reply to Opp. to Mot. to Stay 2.)  The order will be "fully imposed" by the time this Court decides the appeal on its merits.  *Id.*  As Wildflower points out, while the Movants make conclusory statements about their "burden

7

of producing documents," they do not offer any specific statement about what this burden might entail in terms of cost, inconvenience, or abrogation of legal rights. (Opp. to Mot. to Stay 7.)  Additionally, the burden on the Movants was already evaluated by Magistrate Judge Anderson in issuing his Order of September 11, 2009.

    C.    <u>Whether issuance of the stay will substantially injure the other parties interested in the proceeding</u>

The Movants argue that Wildflower will not be harmed if the motion to stay is granted and that the only result "will be *when* [Wildflower] gets the documents." (Reply to Opp. to Mot. to Stay 2)(emphasis added). Wildflower responded that its efforts to complete discovery would be frustrated.  (Opp to Mot. to Stay 4)  The resent change in discovery cut-off date to November 6, 2009 has made most of the argument offered on this point moot.  In any case, this factor does not weigh for or against either party.

    D.    <u>Where the public interest lies</u>

The overarching public interest does not lend any weight to the arguments of one side over the other.  The Movants raise the difficulties of Local Rule 37(c)'s conflict with Federal Rule of Civil Procedure 72.  Local Rule 37(c) mandates that a party must comply within eleven

days of a discovery order, where Federal Rule of Civil Procedure 72 allows objections to be filed within ten days -- which amounts to fourteen days, once the weekend days are exclude from the time period, as per Federal Rule of Civil Procedure 6.  According to the Movants, a public interest is harmed because a party's "right to appeal [is] obviated." (Reply to Mot. to Stay 3.)  Movants cite to no case law supporting this proposition. Additionally, as Movants have demonstrated in filing their Motion for Reconsideration, they are exercising their right to appeal Magistrate Judge Anderson's discovery order.

## IV.  Conclusion

For these reasons, the Court will deny Eyak Technology, LLC and EG Solutions, LLC's Motion to Stay.  An appropriate order will issue.

```
                                     /s/
September 29, 2009            James C. Cacheris
Alexandria, Virginia    UNITED STATES DISTRICT COURT JUDGE
```